7

IN THE

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 04 1997

Michael N. Milby, Clerk of Court

| | |
|---|---|
| FELIPE MOLINA-URIBE, ) | |
|     DEFENDANT-PETITIONER, ) | CIVIL N° B-97-097 |
| Vs ) | |
| ) | CRIM. DOCKET N° B-87-01 |
| UNITED STATES OF AMERICA, ) | |
|     PLAINTIFF-RESPONDENT. ) | |

PETITIONER'S REPLY TO THE GOVERNMENT'S ANSWER
TO THE MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE FOR A PERSON IN FEDERAL CUSTODY.

TO THE HONORABLE U.S. DISTRICT JUDGE:

    **COMES NOW**, Felipe Molina-Uribe, Defendant-Petitioner in the above numbered cause and files this his pro se reply to the government's answer to the motion to Vacate, Set Aside or Correct Sentence for a person in federal custody and would respectfully show as follows:

## J U R I S D I C T I O N

    This Court has jurisdiction pursuant to 28 USC §2255 and the rules applicable thereto prior to April 24, 1996.

- 1 -

# STATEMENT OF THE CASE
## (WITH PROCEDURAL HISTORY)

On February 21, 1987, Petitioner Molina was charged in a superseding indictment with **Count One**, conspiracy to possess marijuana with intent to distribute in violation of 21 USC §846; **Count Two**, charged the substantive offense of violating 21 USC §841(a)(1) possession of marijuana with intent to distribute; **Count Three**, charged Molina with murder of a federal officer in violation of 18 USC §§1111 and 1114; **Count Four**, charged Petitioner with using and carrying a firearm during and in relation to a crime of violence in violation of 18 USC §924(c)(1).

On April 13, 1987, Petitioner pleaded guilty to the two drug offenses, but proceeded to trial on counts three and four.

On April 16, 1987, after trial by jury, Molina was convicted of both counts three and four.

On May 13. 1987, Petitioner was sentenced under counts one and two to a term of 25 years in prison and on count three a sentence of life imprisonment was imposed. On ocunt four, Petitioner received a five year sentence consecutive to the other sentences. The twenty-five year sentences were ordered to run concurrent with each other as well as concurrent with the life sentence, a four year term of supervised release was also imposed.

Timely notice of appeal was taken to the U.S. Court of Appeals for the Fifthe Circuit, which affirmed the conviction on

- 2 -

count one, but remanded the case to the district court with instructions to remove the four year supervised release. The Fifth Circuit reversed the conviction on count two and remanded so as to allow Molina to replead. The circuit court affirmed the convictions on counts three and four. <u>See</u>, <u>United States v. Molina-Uribe</u>, 853 F.2d 1193 (5th Cir 1988) <u>Cert</u>. <u>denied</u> 489 US 1020 (1989)

On June 12, 1989, Petitioner filed a motion for a reduction of sentence pursuant to Fed. R. Crim P. 35, which was subsequently withdrawn. The government moved to dismiss count two and the term of supervised release was vacated consistent with the Fifth Circuit order.

On December 29, 1989, Petitioner moved the court to appoint counsel to represent him in any post-conviction proceedings, no action was taken relevant to this motion.

On February 27, 1987, Petitioner filed the 28 USC §2255 motion claiming his trial/appellate counsel was ineffective in failing to represent him and set forth specific claims that: (a) trial counsel failed to allow him to testify in his own defense; (b) failed to investigate and interview witnesses; (c) failed to obtain an independent expert to analyze Molina's blood specimen to determine the level of drug intoxication; (d) fialed to bring before the jury Molina's state of mind; (e) failed to request a jury instruction on self defense or manslaughter; (f) failed to preserve and raise the above issues at trial and on direct appeal.

# ARGUMENT IN REPLY

The government initially concedes that at least one of these claims cannot be resolved on the briefs and pleadings alone because the record is insufficient to determine the issue. Government counsel states at present she does not have complete access to the files and is in the process of having the entire record duplicated and mailed to her for an indepth analysis.

Petitioner would state for the record that he also does not have access to the complete record and would move this court to order discovery or, in the alternative, for this court to conduct an evidentiary hearing where both parties may pursue this action by evidentiary process. Title 28 USC §2255 provides that when the files and records, taken together with the motion, do not conclusively show the prisoner is entitled to no relief, then an evidentiary hearing is required. Petitioner claims that the record in its entirety does not conclusively demonstrate he is entitled to no relief, and moves this court for an expansion of the record where historical facts may be revealed and conclusions of law can be made to accurately determine the issues presented to this court. **See**, **Dupart v. United States**, 541 F.2d 1148 (5th Cir 1976); **Reagor v. United States**, 488 F.2d 515 (5th Cir 1973); **Bryant v. Scott**, 28 F.3d 1411 (5th Cir 1994).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner raised this error under one of the subset claims of attorney error, and the government, in its response,

indicates this is a cognizable claim under 28 USC §2255, however, the government argues that Petitioner Molina does not direct the court to any portion of the record which indicates where Molina's name had not been included on a witness list. Petitioner does not claim that the record would reveal such. To the contrary, Molina claims this is what his trial counsel told him when he insisted he wanted to testify to rebut the incorrect testimony the government witnesses had been giving before the jury.

Petitioner also does not have access to the complete record, but, in any event, the record would not reflect the colloquy between Petitioner and his trial counsel, hence, the need for an expansion of the record. **See**, **United States v. Auten**, 632 F.2d 478 (5th Cir 1980). Further, as set forth in the Memorandum With Points of Law, Petitioner relates that trial counsel became upset because of Molina's insistence that he wanted to testify, and informed Molina that if he continued with this, then he would withdraw and allow Molina to present the issue to the court. Thereafterm no further colloquy occurred relevant to Molina taking the witness stand. Petitioner would state that his trial counsel said that even though Molina was not pleased with how he was presenting the case, the attorney felt he was doing the best he could to defend him. Thus, in effect, Petitioner, after being advised that he could not testify and being told that if he continued to tell trial counsel how to defend the case that he would withdraw and let Molina present his own case, there was no further insistence by Petitioner on the

- 5 -

issue.

Petitioner claims this was not a waiver of his right to testify. And, if this court should determine it was a waiver, then such a waiver of a constitutional right was a coreced waiver. In **Jordan v. Hargett**, 34 F.3d 310 (5th Cir 1994), the Fifth Circuit stated: "We do not believe that a defendant's failure to make a record of his desire to testify against his counsel's wishes is always fatal." Unlike many trial errors asserted in habeas proceedings, this alleged error by its very nature is one where the defendant and his lawyer are necessarily at odds with each other. The Fifth Circuit went on to hold in **Jordan** that it was attorney-client dispute to the attention of the trial court, and held that a rule requiring the defendant personally to make such a record is inappropriate. Id. at 314 The Fifth Circuit agreed with the reasoing of the eleventh Circuit in **United States v. Teague**, 908 F.2d 752 (11th Cir 1990), rehearing granted 953 F.2d 1525 (11th Cir) Cert. denied 113 S.Ct. 127 (1992).

The government tends to suggest or perhaps concede a an error may have occurred, but the error, if any, should be held harmless error beyond a reasonable doubt as expressed by **Chapman v. California**, 386 US 18 (1967). Under **Chapman**, the appellate test was used both on direct appeal and on habeas corpus reivew. However, the Supreme Court retracted its **Chapman** analysis for purposes of habeas review for harmlessness of constitutional errors. See, **Brecht v. Abrahamson**, 113 S.Ct. 1710 (1993).

- 6 -

However, even under the resurrected standard of **Kotteakos v. United States**, 328 US 750 (1946) This error can never be harmless and whether using the **Chapman** or **Kotteakos** analysis, the results would be the same. Justice Stevens in his concurring opinion in **Brecht** wrote to explicate the **Kotteakos** standard as to emphasize the standard is appropiately demanding. 113 S.Ct. at 1723-24. Under **Kotteakos**, the bureau of sustaining a verdict by demonstrating that the error was harmless, rests on the prosecution unless that error is merely "technical", which a constitutional violation can never be. As applied in **Brecht**, **Kotteakos** commands that in determining whether a constutional error is harmless, a denovo review of the entire trial record must be performed by the reviewing court and, in so doing, the habeas court cannot ask only whether it thinks the Petitioner would have been convicted even if the constitutional error had not taken place. **Kotteakos** is full of warnings to avoid that result. It requires a reviewing court to decide that the error did not influence the jury and that the judgement was not substantially swayed by the error. In this case at bar, it was not so much as what evidence or testimony may have been admitted in error, but that it was Petitioner's absense from the witness stand and the absolute preclusion of his testimony made by the Attorney which results in the counstitutional deprivation of rights. The conviction in this case was based entirely upon the government's witnesses account of what happened. Felipe Molina was a witness at the scene, however, his is the only testimony

that was not heard by the jury. This was not an adversarial process and violates Molina's Due Process. Further, the error was brought about by the trial attorney and, as such, results in a denial of the right to effective assistance of counsel at trial and on appeal. Petitioner has sufficiently established cause for the procedural default in failing to raise this claim on direct appeal. It should be noted that counsel on appeal would hardly be expected to raise his own ineffectiveness on direct appeal.

Further, ineffective assistance of counsel claims are generally not appropriate on direct appeal and are better suited to be raised collaterally in the district court which heard and tried the case. **See, United States v. Higdon**, 832 F.2d 312 (5th Cir 1987); **United States v. Bounds**, 943 F.2d 541 (1991); **United States v. McChesky**, 9 F.3d 368 (5th Cir 1993).

## C O N C L U S I O N

Petitioner has set forth his claims which are cognizable on 28 USC §2255 and moves this court to conduct an evidentiary hearing on the issues raised and/or in the alternative, to issue the writ and grant him a new trial. Due Process demands no less.

Respectfully submitted,

*Felipe Molina Uribe*
**FELIPE MOLINA-URIBE**
Petitioner Pro Se
Reg. N° 39209-079
610 McDonough Blvd., SE
Atlanta, GA 30315

- 8 -

# CERTIFICATE OF SERVICE

I, THE UNDERSIGNED, CERTIFY THAT ON THIS 7th DAY OF October, 1997, I FORWARDED A TRUE AND CORRECT COPY OF THE FOREGOING:

.Petitioner's reply to government's answer to 28 USC §2255 motion.

VIA U.S. MAIL IN THE FOLLOWING MANNER:

```
YES    NO
[ X ] [   ]   POSTAGE PREPAID
[ X ] [   ]   CERTIFIED
[ X ] [   ]   RETURN RECEIPT REQUESTED
[   ] [   ]   REGISTERED
[   ] [   ]   OTHER (list):
```

to the person(s) listed below:

U.S. Attorney's Office
attn: Paula Offenhauser, AUSA
910 Travis, Suite 1500
P.O. Box 61129
Houston, TX 77208-1129

Signed, Sworn, Certified and mailed on this 7th day of October, 1997.

*Felipe Molina Uribe*
FELIPE MOLINA-URIBE      PRO SE
Reg. N° 39209-079
610 McDonough Blvd., SE
Atlanta, GA 30315

- 9 -