IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| vs. | § | C.A. No. B-97-97 |
| | § | C.R. No. B-87-01 |
| | § | |
| FELIPE MOLINA-URIBE, | § | |
|     Defendant-Movant. | § | |

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO
HOLD FURTHER § 2255 PROCEEDING IN ABEYANCE
PENDING THE UNITED STATE SUPREME COURT'S
DISPOSITION OF THE DEFENDANT'S PETITION FOR WRIT OF
CERTIORARI

Petitioner Molina-Uribe's Petition for Writ of Certiorari to the United States Court of Appeal for the Fifth Circuit is docketed in the United States Supreme Court under Cause No. 05-7320. The scheduled date for the United States' response is December 2, 2005.

The United States disagrees with Petitioner Molina-Uribe that the proper course of action is for this Court to hold this case in abeyance pending final disposition of his petition for writ of certiorari review. The proper mechanism available to Molina-Uribe for staying further consideration by this Court while his certiorari petition is pending is set forth under Rule 41(b), Federal Rules of Appellate Procedure. Rule 41(b) provides that a party seeking to petition for a

writ of certiorari may request the Court of Appeals for the Fifth Circuit to stay the mandate pending final disposition by the Supreme Court.

As he notes in his motion, Molina-Uribe elects not to move to stay issuance of the Fifth Circuit's mandate. His request for this Court to hold this action in abeyance pending final disposition of the petition for writ of certiorari apparently is to obviate the requirement under the Fifth Circuit Local Rule 41.1, which requires the petitioner to show good cause for the stay and not simply a request for a stay. See 5th Cir. R. 41.1. *United States v. Perez,* 110 F.3d 265, 266 (5th Cir. 1997). While the Fifth Circuit issued its mandate on October 27, 2005, and while, as a general matter, the district court regains jurisdiction over a case upon the Fifth Circuit issuing its mandate, *United States v. Becerra*, 155 F.3d 740, 756 (5th Cir. 1998), the Fifth Circuit local rules also provide, under 5th Cir. R. 41.2, that the court may recall its mandate to prevent injustice. If Molina-Uribe makes that request, and if it is denied by the Fifth Circuit, 28 U.S.C. § 2101(f) and Supreme Court Rule 22 authorize Molina-Uribe to request such stay from the United States Supreme Court. Accordingly, this is the proper avenue for Molina-Uribe to pursue.

Additionally, the United States does not agree with Molina-Uribe that his Sixth Amendment challenge to the effectiveness of his trial counsel has not yet been finally resolved by the Fifth Circuit. The United States also does not agree

that, on remand from the Fifth Circuit, Molina-Uribe may expand his original petition to raise new claims of ineffective assistance of counsel or present additional evidence to support grounds previously raised and adjudicated. Title 28 U.S.C. § 2255 provides express restrictions applying to successive petitions. The United States requests an opportunity to address these issues if raised.

Accordingly, this court should deny his motion to stay.

                                                      Respectfully sworn and submitted,

                                                      CHUCK ROSENBERG
                                                      United States Attorney

By:   /s/_____
       MARK M. DOWD
       Assistant United States Attorney
       Attorney for respondent
       600 E. Harrison, # 201
       Brownsville, Texas 78520
       State bar No. 06070500
       Fed. Id. No. 9314
       (956) 548-2554

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing Response To Motion to Stay Further Proceedings under 28 U.S.C. § 2255, has been mailed on this the ___ day of _____, 2005, via certified mail, return receipt requested to

Paul Hajjar
Asst. Federal Public Defender
Attorney for Petitioner
P.O. Box 2163
Brownsville, TX 78522-2163

/s/ _____
MARK M. DOWD
Assistant United States Attorney