IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA

v.

FELIPE MOLINA-URIBE

C.A. No. B-97-97
CR. No. B-87-001

DEFENDANT'S POST-REMAND MEMORANDUM

The defendant-movant, Felipe Molina-Uribe, submits this brief concerning the issues that remain to be addressed by this Court on remand from the United States Court of Appeals for the Fifth Circuit in <u>United States v. Molina-Uribe</u>, 429 F.3d 514 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1616 (2006).

Mr. Molina-Uribe contends that there are unresolved issues remaining in this case. In the magistrate judge's report and recommendation ("R & R") entered March 17, 2003, the magistrate judge identified multiple distinct allegations of ineffective assistance of counsel (some of which overlapped) raised by Mr. Molina-Uribe. <u>See</u> R & R, at 5-6. Those allegations are as follows: (1) trial counsel failed to allow Mr. Molina-Uribe to testify in his own behalf; (2) trial counsel failed to identify and interview witnesses, including a medical expert who could have testified about the shock that Mr. Molina-Uribe felt immediately after being shot; (3) trial counsel failed to obtain a defense expert to examine Mr.

Molina-Uribe's blood sample to identify any substances other than alcohol; (4) trial counsel failed to introduce evidence of Mr. Molina-Uribe's statement of mind at the time of the shooting; (5) trial counsel conducted an inadequate voir dire examination; (6) trial counsel failed to make an adequate opening statement; (7) trial counsel failed to cross-examine prosecution witnesses in an adequate manner; (8) trial counsel failed to present sufficient evidence supporting viable theories of self-defense; heat-of-passion, and accident; (9) lead trial counsel presented an utterly implausible and bizarre theory of defense (the "conspiracy theory") which not only had no support in the evidence but also contradicted second-chair counsel's closing argument regarding other, viable defensive theories.

The magistrate judge's recommendation that § 2255 relief be granted – and Judge Vela's adoption of the R & R – essentially was limited to the final allegation of ineffectiveness discussed above. See R & R, at 11-14. Although the magistrate judge articulated all of the discrete allegations of ineffectiveness, his R & R did not *rule* on whether trial counsel was ineffective for the other reasons alleged by Mr. Molina-Uribe. See id. The magistrate judge did not do so because he recommended that relief be granted on the final allegation discussed above.

Mr. Molina-Uribe thus requests that his case be referred again to the magistrate judge to address the unresolved allegations discussed above.

Alternatively, he requests that this Court conduct an evidentiary hearing on those allegations.

        Respectfully submitted,
MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas.
Texas State Bar Number 14003750
Southern District of Texas No. 3233

By: /s/ Jeffrey L. Wilde
JEFFREY L. WILDE
Assistant Federal Public Defender
Attorney in Charge
Texas State Bar Number 21458400
Southern District of Texas No. 8976
600 E. Harrison Street, #102
Brownsville, Texas 78520
Telephone: (956) 548-2573
Fax: (956) 548-2674

## CERTIFICATE OF SERVICE

I, **Jeffrey L. Wilde**, certify that on October 12, 2006, a copy of the **POST-REMAND MEMORANDUM** was served by Notification of Electronic Filing to the office of Assistant United States Attorney Mark Dowd, 600 E. Harrison Street, #201, Brownsville, Texas 78520.

/s/ Jeffrey L. Wilde
JEFFREY L. WILDE
Assistant Federal Public Defender