IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:87CR001-01 |
| | § | (also docketed in Civil Action No. B-97-097) |
| FELIPE MOLINA-URIBE | § | |
|     Defendant | § | |

# ORDER

Pending before this Court is the remand order of the Fifth Circuit in which it reversed the judgment in favor of Petitioner and ordered that the § 2255 relief requested be denied and remanded the case "for further proceedings as appropriate." This Court reinstated defendant's conviction on September 27, 2006.

Subsequent to that reinstatement, pursuant to the suggestion of this Court, Petitioner has filed pleadings requesting that further proceedings were dictated because the Report and Recommendation and subsequent adoption of same by Judge Vela concentrated on only one aspect (the choice of an unsupportable defense) while failing to rule on the other claims of ineffective assistance. The Government has responded that it thinks the Fifth Circuit's opinion has resolved all matters and that now that the judgment of conviction has been reinstated there is nothing further that this Court can or should do.

Specially defendant claims that the Magistrate Judge failed to rule on its claim that defense counsel was ineffective because they: (1) advised Molina-Uribe not to testify; (2) failed to obtain experts to examine Molina-Uribe's blood; (3) failed to identify and find an expert to testify on the effects of shock; (4) failed to introduce state of mind evidence; (5) failed to make an adequate voir

dire and opening statements; (6) failed to cross-examine prosecution witnesses in an adequate manner; (7) failed to present other viable evidence in support of other defensive theories. It claims that the Fifth Circuit only ruled on the issue of ineffective assistance claim with respect to the presentation of an implausible and bizarre theory of defense (the "conspiracy theory").

While certainly this is the theory addressed most fully by the Magistrate Judge in the Report and Recommendation, this is not true for the Fifth Circuit.

Unless it used some purposefully careless language, which this Court notes is not likely, the Fifth Circuit's ruling is much broader than Petitioner claims. The Court started its review by stating "in determining whether Molina-Uribe received effective assistance of counsel we thus make an independent investigation based upon the District Court's subsidiary findings (citing authority)."

Then the Circuit wrote:

> We review counsel's performance in light of the fact that this case was very difficult to defend. Trial counsel had to consider a number of variables in the course of developing Molina-Uribe's defense, not the least of which was the potential sanctions associated with suborning perjury. <u>Counsel performed all necessary investigation and discovery</u>.

Later, the Court continued to state:

> The soundness of the defense counsel cannot be evaluated in the relative vacuum of an appeal. Trial counsel obviously had alternatives available to them, and it seems they chose this particular defense strategy because those alternatives exposed Molina-Uribe and his attorneys to other legal risks . . .. Pursuing more conventional one would require putting Molina-Uribe on the stand.

> Counsel's concern about this was acute, because Molina-Uribe had been tested by a polygraph examiner, and his answers were deceptive, suggesting that any testimony based on self defense or any other customary theory would constitute perjury.

Finally, the Circuit Court concludes by noting that existence of other defenses or theories, but rules that these could not be the basis of § 2255 relief because they were foreclosed by the bounds of

perjury and to grant these would be Monday-Morning quarter backing.

This Court is somewhat perplexed as the Circuit has described the assertions and findings made by its predecessor were "factually inaccurate" while at the same time it states that Molina-Uribe made no complaints about the "fervor with which trial counsel acquired evidence" and then later states that there is "no complaint or finding that defense counsel wrongfully failed to discover or present any evidence favorable to Molina-Uribe . . .."

In his original memorandum and in his most recent filings with this Court, Molina-Uribe has asserted that trial counsel:

    (1)    failed to allow Molina-Uribe to testify;

    (2)    failed to identify and call witnesses (including medical experts);

    (3)    failed to obtain an expert on blood samples;

    (4)    failed to introduce state of mind evidence;

    (5)    failed to conduct an adequate voir dire;

    (6)    failed to make an adequate opening statement;

    (7)    failed to properly cross-examine any witnesses;

    (8)    failed to present evidence to support various defenses; and

    (9)    presented a totally implausible defense.

While the Circuit's opinion disposes of many of those theories, it does not dispose of all of them.

Clearly, the Circuit's opinion address the following complaints:

    (A)    Failure to allow Molina-Uribe to testify (no. 1 above);

    (B)    Failure to present evidence and support various defenses (no. 8 above);

    (C)    Presentation of a specious defense (no. 9 above);

    (D)    Failure to produce state of mind evidence (no. 4 above) (to the extent that could only come from Molina-Uribe and the Circuit addressed his ability to testify).

    (E)    Failure to identify witness (part of no. 2 above) and failure to obtain an expert on blood samples (No. 3 above).[1]

The remaining allegations are focused around the actual trial: (1) failure to call certain witnesses; (2) failure to introduce state of mind evidence (to the extent that evidence could come from someone other than Molina-Uribe); (3) failure to conduct an adequate voir dire; (4) failure to make an adequate opening statement; and (5) failure to properly cross-examine witnesses were not directly addressed by the initial Report and Recommendation nor by the Fifth Circuit. Consequently, this Court refers this case back to the Magistrate to consider these issues consistent with the opinion of the Fifth Circuit and to the extent they were not disposed of by the Fifth Circuit.

Signed this 18th day of October, 2007.

_____
Andrew S. Hanen
United States District Judge

---

[1] The Circuit held that counsel performed all necessary investigation and discovery.