United States District Court
Southern District of Texas
ENTERED

OCT 2 6 2009

Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| FELIPE MOLINA-URIBE | § § | |
| v. | § § | Civil No. B-97-097 |
| UNITED STATES OF AMERICA | § § § | Criminal No. B-87-001 |

## MEMORANDUM OPINION AND ORDER

This case was referred to Magistrate Judge Ronald Morgan on August 4, 2009, and he issued a Report and Recommendation on September 10, 2009. (Doc. Nos. 76, 81.) On October 14, 2009, after having received an adverse ruling, Petitioner Molina-Uribe filed a Motion to Disqualify Magistrate Judge.[1] (Doc. No. 85.) The Motion asserts that "Judge Morgan should have recused himself under the standard of 28 U.S.C. § 455(a), which requires recusal if '"a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."' (*Id.* at 3 (citing *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)).)

Petitioner bases the motion upon the facts that: (1) the cause of action was filed in the Brownsville Division of the Southern District of Texas, (2) Judge Morgan was formerly an Assistant United States Attorney in the Brownsville Division, and (3) "[a]t the time the Brownsville Division has less than ten (10) United States Attorneys." (*Id.* at 1.) He contends that "[i]t is reasonable to believe that informal conversations would occur between colleagues regarding" his § 2255 Habeas proceeding because his "is probably the only 2255 proceeding that was set for evidentiary hearing

---

[1] On October 16, 2009, the Magistrate Court denied the Motion to Disqualify. (Doc. No. 86.) Out of an abundance of caution, and because the Magistrate Judge was the subject of the Motion to Disqualify, this Court hereby also issues a confirmatory ruling on that Motion.

1

in the Brownsville division in that time period." (*Id.*) Applying the recusal standard, Petitioner claims that "[t]he denial of a status conference setting on such a complex case may be considered as evidence of bias." (*Id.* at 3.)

Section 455(a) provides that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[2] The Fifth Circuit applies the standard of "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860–61 (1988)).

Here, the facts which are not in dispute indicate that Magistrate Judge Morgan was an Assistant United States Attorney in the Brownsville Division of the Southern District of Texas between October 1998 and March 2002. (Doc. No. 86 at 3.) At no time was Judge Morgan assigned to, nor did he work on or discuss with others, Petitioner's criminal or habeas case. (*Id.*) Nor did he supervise those who did. (*See id.*) Although Petitioner proposes that "[i]t is reasonable to believe that informal conversations would occur between colleagues regarding" his habeas case because it was set for hearing, he can point to no facts to support that Judge Morgan knew of the hearing or

---

[2] This Court also takes note that Section 455(b)(3) could govern where a magistrate judge was formerly an Assistant United States Attorney. 28 U.S.C. § 455(b)(3) ("He shall also disqualify himself in the following circumstances . . . (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."); *see, e.g.*, *Magnum v. Hargett*, 67 F.3d 80 (5th Cir. 1995); *United States v. Di Pasquale*, 864 F.2d 271 (3d Cir. 1988). Perhaps the Fifth Circuit's rule that "§ 455(b)(3) does not *mandate* recusal unless the former government attorney has actually participated in some fashion in the proceedings" is why Petitioner here did not even attempt a § 455(b)(3) argument. *Magnum*, 67 F.3d at 83.

participated in any way. (Doc. No. 85 at 1.) In fact, the October hearing on Petitioner's habeas case took place long after Judge Morgan's term as an Assistant United States Attorney ended. (*See* Doc. Nos. 43, 44.) Based on these facts, this Court concludes that a reasonable and objective person would harbor no doubts concerning Judge Morgan's impartiality. *Cf. United States v. Rea-Tapia*, 134 Fed. Appx. 711, 713 (5th Cir. 2005) (finding no merit in defendant's argument that a judge, who was formerly an AUSA in the office that prosecuted one of defendant's crimes, must recuse herself under § 455(b) and finding that "[e]ven under § 455(a), which requires judges to recuse themselves when there could be an appearance of impropriety, there was no basis for [the judge] to recuse herself as she had no involvement in or knowledge of Rea-Tapia's prior conviction").

The Court also takes note that Petitioner's Motion to Disqualify alleges facts and presumptions that are years old, and it was not filed until after the Magistrate Court issued a Report and Recommendation adverse to the Petitioner's position. Therefore, not only is the motion without merit, it is also untimely. Generally, motions seeking disqualification under § 455(a) must be made "at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994). Furthermore, the Fifth Circuit has found that "[t]he most egregious delay-the closest thing to per se untimeliness-occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal." *United States v. Vadner*, 160 F.3d 263, 264 (5th Cir. 1998). Here, Petitioner had more than a month between the referral of his case to Judge Morgan and the issuance of the Magistrate Court's Report and Recommendations during which he could have sought recusal. As such, it is the worst case scenario contemplated by the Fifth Circuit in *Vadner*.

3

For the foregoing reasons, Petitioner's Motion to Disqualify is hereby **DENIED**. (Doc. No. 85.)

Signed this 26th day of October 2009.

Andrew S. Hanen
United States District Judge